FILED

12 JUN -4 AM 11: 10

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE AWAD,<br><br>　　　　　Plaintiff,<br>vs.<br>CAPITAL ONE, N.A.,<br><br>　　　　　Defendant. | CASE NO. 12cv0272-WQH-WVG<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss the Complaint filed by Defendant Capital One, N.A. (ECF No. 7).

## I. Background

On December 27, 2011, Plaintiff initiated this action by filing the Complaint in the Superior Court of California for the County of San Diego. (ECF No. 1 at 7). On February 2, 2012, Defendant removed the action to this Court, alleging federal question jurisdiction. (ECF No. 1).

On March 1, 2012, Defendant filed the Motion to Dismiss, seeking the dismissal of all claims against Defendant in the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7). Defendant contends that: (1) Plaintiff's Fair Credit Reporting Act ("FCRA") claim should be dismissed for failure to allege sufficient facts and because the FCRA does not provide a private right of action; (2) Plaintiff's claim under the California Consumer Credit Reporting Agencies Act should be dismissed because it is preempted by the FCRA; and (3) Plaintiff fails to allege facts to support a claim of Real Estate Settlement Procedures Act violations.

Plaintiff has not filed an opposition to the Motion to Dismiss.

## II. Discussion

A district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Civil Local Rule 7.1 provides: "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." S.D. Cal. Civ. Local Rule 7.1(f)(3)(a). "Although there is ... a [public] policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) (affirming grant of motion to dismiss for failure to prosecute); *see also Steel v. City of San Diego*, No. 09cv1743, 2009 WL 3715257, at *1 (S.D. Cal., Nov. 5, 2009) (dismissing action pursuant to local Rule 7.1 for plaintiff's failure to respond to a motion to dismiss).

The docket reflects that Plaintiff was served with the Motion to Dismiss. The Motion and the Court's docket reflect that the hearing for the Motion to Dismiss was noticed for April 9, 2012. Civil Local Rule 7.1 provides: "each party opposing a motion ... must file that opposition ... with the clerk ... not later than fourteen (14) calendar days prior to the noticed hearing." S.D. Cal. Civ. Local Rule 7.1(e)(2). As of the date of this Order, Plaintiffs have failed to file an opposition. The Court concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendants" weigh in favor of granting the Motion to Dismiss for failure to file an opposition. *Ghazali*, 46 F.3d at 53.

## III. Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendant Capital One, N.A. (ECF No. 7) is GRANTED. The Complaint is DISMISSED without prejudice.

DATED: 6/4/12

William Q. Hayes
United States District Judge